William Bryan, Jr. and Alice P. Bryan v. Commissioner.
Bryan v. Commissioner
Docket No. 3591-70 SC.
United States Tax Court
T.C. Memo 1971-198; 1971 Tax Ct. Memo LEXIS 135; 30 T.C.M. (CCH) 833; T.C.M. (RIA) 71198; August 11, 1971, Filed. William Bryan, Jr., pro se, Putnam Road, Forest Hill, Md. John J. Weiler, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficency in petitioners' income tax for the taxable year 1967 in the amount of $151.27. The sole issue for decision is whether petitioners sustained a casualty loss under section 165(c)(3) of the Internal Revenue Code of 1954 by reason of damage which occurred to the motor of their 1967 Plymouth GTX automobile. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife who during the year 1967 resided at Putnam 834 Road, *136 Forest Hill, Maryland. Their joint Federal income tax return for the calendar year 1967 was filed with the district director of internal revenue at Baltimore, Maryland. On December 10, 1966, petitioners purchased from Jones Plymouth Motor Company a 1967 Plymouth automobile, Model GTX. Subsequent to the purchase, petitioners allowed their son, William F. Bryan, hereinafter referred to as William, to make extensive modifications and alterations to the car, the purpose of which to condition it for competition "drag strip" racing. Among the modifications made were the lowering of the car's rear end, alteration of its automatic drive so as to enable it to be shifted manually and the installation in the engine of special hydraulic valve lifters and adjustable push rods neither of which were made by the car's manufacturer. Sometime during November of 1967, while petitioners' automobile was being driven by William, the engine suffered serious internal damage which was not the result of its being struck by any external or natural force. The damage thus occasioned was repaired by petitioners at a total cost to them of $787.59. Thereafter, petitioners deducted on their joint income tax *137 return for the taxable year 1967 the sum of $787.59 (less the $100 floor) as a casualty loss. Repondent disallowed the loss on the ground that petitioners had failed to establish that it resulted from a casualty as that term is defined in section 165(c)(3) of the Internal Revenue Code of 1954. Opinion Section 165(c)(3) of the Internal Revenue Code of 1954 allows a deduction for personal loss (subject to a $100 limitation), "* * * if such losses arise from fire, storm, shipwreck, or other casualty * * *." Since it is obvious that the internal damage occasioned to the engine of petitioners' automobile was not the result of fire, storm, or shipwreck, petitioners, if they are to prevail, must prove that such damage resulted from some "other casualty." The term "other casualty" has long been held to derive its meaning from its use in statutory context with the terms fire, storm, and shipwreck. Thus, only those "other casualties" which are similar in nature to fires, storms or shipwrecks have been allowed as otherwise deductible losses under the statute. Fires, storms, and shipwrecks connote, all alike, the sudden invasion of property by *138 an external of hostile agency. In order for a loss to constitute a casualty other than fire, storm, or shipwreck it must likewise be proved to be the result of some sudden invasion by an external or hostile agency; it is hornbook law that the mere progressive deterioration of property through a steadily operating cause does not meet this test. In the instant case petitioners' automobile suffered internal damage to its engine some eleven months after the machine was purchased. During the hiatus, it had been extensively modified and used in a manner which it seems to this Court could only have resulted in its progressive deterioration. The evidence adduced at the trial, far from raising an inference in petitioners' favor that the engine was damaged through casualty, served to establish that it was highly likely that the damage resulted from one or a combination of the many modifications made to the vehicle in order to condition it for "drag strip" racing. On the record we are, therefore, not satisfied that petitioners have carried their burden of establishing that the claimed loss resulted from an "other casualty" within the purview of section 165(c)(3) of the Code. Reviewed and *139 adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.